**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Muhammad J.D. Akbar,**                                          **Civil No. 05-2632 (DSD/SRN)**

**Petitioner,**

**v.**                                                           **REPORT AND RECOMMENDATION**

**Marty Anderson, Warden,**

**Respondent.**

---

Petitioner Muhammad J.D. Akbar, pro se[1]

Michael L. Cheever, Assistant United States Attorney, 300 South 4th Street, Minneapolis, MN 55415, for Respondent

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter comes before the undersigned United States Magistrate Judge on

Petitioner Muhammad J.D. Akbar's Motion to Proceed with § 2241 Petition (Doc. No. 22).  This

matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C.

§ 636 and District of Minnesota Local Rule 72.1.  For the reasons set forth below, the Court

recommends that Petitioner's motion be denied.

I.      **BACKGROUND**

Petitioner Muhammad J.D. Akbar is presently incarcerated at the Federal Medical Center in

Rochester, Minnesota, pursuant to a conviction in 1982 for hijacking an aircraft.  On November 14,

---

[1] The docket sheet reflects that Petitioner is represented by the Office of the Federal Public Defender, but Petitioner filed the motion under consideration pro se.

2005, he filed a habeas petition under 28 U.S.C. § 2241, claiming he was wrongfully denied release on

parole.  Shortly thereafter, the Court appointed the Office of the Federal Public Defender to represent

Petitioner.

According to the petition, the United States Parole Commission ("Commission") had given

Petitioner a release date but later rescinded that decision without giving him a new hearing date.  While

this case was pending, however, the Commission held another hearing and denied parole.  This Court

therefore recommended that the habeas petition be denied because the issue of the parole hearing had

become moot, and the Court lacked jurisdiction to review the substance of the hearing.  The Honorable

David S. Doty agreed and denied the petition on November 29, 2006.  Judgment was entered the

same day.

On December 1, 2006, Petitioner filed a Motion to Proceed with § 2241 Petition.  Petitioner

complains that his appointed counsel failed to amend the petition, in violation of his Sixth Amendment

right to effective assistance of counsel.

## II.     DISCUSSION

Giving Petitioner the benefit of liberal construction, the Court views the instant motion as

brought under Federal Rule of Civil Procedure 60, which permits a party to seek relief from a judgment

or order under limited circumstances.

> On motion and upon such terms as are just, the court may relieve a party . . . from a
> final judgment, order, or proceeding for the following reasons: (1) mistake,
> inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3)
> fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment
> is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any
> other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  However, Rule 60(b) provides Petitioner no basis for relief.  The District Court

has already considered and rejected Petitioner's argument:  "No amount of amending [the petition] . . .

could change the result . . . ."  (Order of Nov. 29, 2006; Doc. No. 20 at 1.)  Moreover, Petitioner has

not explained how counsel should have amended the petition or how such amendment would warrant

relief from judgment.  Absent such a showing, he cannot demonstrate the existence of a mistake,

inadvertence, excusable neglect, fraud, newly discovered evidence, or any other basis to relieve him

from the final disposition of this case.

In addition, even if Petitioner had a valid reason to reopen the case, his Sixth Amendment claim

would fail on the merits.  Simply, because Petitioner has no constitutional right to counsel in this § 2241

proceeding, he cannot be deprived of the effective assistance of counsel.  See Wainwright v. Torna,

455 U.S. 586, 587-88 (1982).

## III.    CONCLUSION

Based on the foregoing, and all the files, records, and  proceedings herein, **IT IS HEREBY**

**RECOMMENDED** that Petitioner's Motion to Proceed with § 2241 Petition (Doc. No. 22) be

**DENIED**.


Dated:  June 11, 2007

   s/Susan Richard Nelson
Susan Richard Nelson
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with
the Clerk of Court, and serving all parties by June 26, 2007, a writing which specifically identifies those
portions of this Report to which objections are made and the basis of those objections.  Failure to

comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.